**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLEARLY AGILE, INC.,

      Plaintiff,

                                     Case No. 8:19-cv-00590

v.

CLEARLY AGILE, LLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Clearly Agile, Inc. ("Clearly Agile") files this Complaint against Clearly Agile, LLC ("CAL") seeking damages on the grounds of federal and common law trademark infringement, trademark dilution, and unfair competition.

## NATURE OF THE CASE

1.     This is an action for trademark infringement, dilution, and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a) arising out of and in connection with CAL's unauthorized use of the federally registered trademark, and common law mark, "Clearly Agile" for related goods and services.

## PARTIES

2.     Plaintiff, Clearly Agile is a corporation organized under the laws of the State of Florida.

3.     Defendant, CAL is a limited liability company organized and existing under the laws of Wyoming with its principal place of business in Washington D.C. that

can be validly served with process via its registered agent at Mountain Business Center, LLC, 690 S. Hwy 89 Suite 200, Jackson, WY 83001.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 in that this civil case arises under the Trademark Laws of the United States, Lanham Act 15 U.S.C. §1051 *et seq.*

5.     This Court has original jurisdiction over this action over Plaintiff's claims arising under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. §1051 *et seq* and has jurisdiction over any state claims pursuant to 28 U.S.C. § 1331, 1367.

6.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because CAL has provided services to clients in Tampa, Florida, including but not limited to Bisk Education, as "Clearly Agile" in which consumer confusion occurred with regard to payment, and also under 28 U.S.C. § 1391(b)(3) because CAL is subject to personal jurisdiction in this District by virtue of its regular and ongoing provision of services and physical presence in this County to provide services for Bisk Education and others as "Clearly Agile."

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### THE CLEARLY AGILE MARK:

7.     Clearly Agile is a custom software development, agile training and coaching company located in Tampa, Florida that was formed in July of 2014.

8.      Since at least October 1, 2014, Plaintiff has used the trade name "Clearly Agile" as its business name in commerce to establish its brand and provide services in the Tampa Bay area and outside of Florida.   Accordingly, Clearly Agile has common law rights to the Clearly Agile tradename since it first use in commerce.

9.      In March of 2016, Clearly Agile filed an application to register its "Clearly Agile" trademark with the USPTO in class 42 for scientific and technological services and research and design relating thereto, industrial analysis and research services, and the design of computer hardware and software.

10.      In December of 2017, the USPTO registered "Clearly Agile" trademark, Registration No. 86959889, in class 42 on the Principal Register.

11.      Clearly Agile has invested substantial time, money and effort in using the Clearly Agile mark in commerce and in developing the goodwill associated with the mark (the common law and federally registered Clearly Agile trademark shall be hereinafter referred to collectively as the "Clearly Agile Mark")

12.      Among other things, Clearly Agile has engaged in extensive marketing, promotions and other media to maintain the business' visibility and to attract clients.

13.      After Clearly Agile's use of the Clearly Agile Mark in commerce, on or about October of 2014, CAL began providing similar services regarding providing agile training, consulting, and coaching with a focus on serving government agencies and highly regulated organizations.

14. CAL was purportedly formed in 2012 in Wyoming, but it did not utilize the Clearly Agile name in commerce at such time under applicable law to establish any recognizable trademark rights.

15. Moreover, CAL acquired the domain name www.clearlyagile.com in approximately January of 2014, but did not use such tradename on the website in commerce to establish any common law trademark rights at such time.

16. CAL only began use of its website, www.clearlyagile.com, which identified the tradename "Clearly Agile" on or about January of 2016.

17. Consequently, CAL's first bona fide use in commerce of the Clearly Agile Mark in January of 2016 was well after Clearly Agile's first use of such mark in commerce in October of 2014.

18. Notably, CAL is not authorized to use the Clearly Agile Mark in connection with its competing activities related to computer software design and consulting services.

19. CAL has never asked for, nor obtained, permission from Clearly Agile to use the Clearly Agile Mark in connection with its computer consulting business, services which are competitive to Clearly Agile.

20. CAL's improper use of the Clearly Agile Mark gives the false impression to consumers that CAL is either endorsed by, or affiliated with, Clearly Agile.

21. CAL's use of the Clearly Agile Marks is likely to cause consumer confusion and has already caused actual consumer confusion in certain instances.

22.     CAL has been made aware and is actually aware of the federal registration of the Clearly Agile Mark with the USPTO.

23.     As a result of CAL's infringement and inappropriate actions, Clearly Agile has retained the undersigned counsel.

24.     All conditions precedent to the institution and maintenance of this action have occurred or have been satisfied.

## COUNT I
## Federal Trademark Infringement, 15 U.S.C. §§ 1114

25.     Clearly Agile reincorporates by reference paragraphs 1 through 24 of this complaint as though fully set forth herein.

26.     Clearly Agile has a trademark which is inherently distinctive and/or has established secondary meaning as evidenced by the United States Patent and Trademark Office Registration No. 86959889, in class 42 on the Principal Register.

27.     CAL has engaged in the acts set forth above to cause confusion and to deceive the public and consumers of Clearly Agile's consulting services.

28.     As set forth above, CAL has, without Clearly Agile's consent, used in commerce a reproduction, counterfeit, copy or colorable imitation of the Clearly Agile Mark in connection with its software design and consulting services.

29.     The unauthorized use of the Clearly Agile Mark is likely to cause, and has caused, confusion and mistake, and is likely to deceive, and has deceived, the consuming public as to the affiliation, connection, or association of CA with Clearly Agile that it does not have.

30.     To date, Clearly Agile is aware of actual consumer and employee confusion including having frequent calls made to its offices by clients and potential clients asking by name of the principal of CAL, "Jonathan."

31.     In addition, Clearly Agile is aware of it and CAL having a joint client for consulting services based in Tampa, Florida, Bisk Education, send Clearly Agile a check that was intended as payment for CAL's services.

32.     CAL's actions regarding its use of the Clearly Agile Mark constitutes violations of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

33.     CAL's conduct has and will continue to cause confusion to, mistake by, and deception of customers as to the source of CAL's services and/or its relationship with Clearly Agile.

34.     As a direct and proximate result of CAL's deliberate and intentional infringement, Clearly Agile has suffered and continues to suffer irreparable harm for which it has no adequate remedy at law.

35.     CAL's conduct has and will continue to cause irreparable harm to Clearly Agile unless restrained, restricted and enjoined by this Court.

36.     CAL's deliberate and intentional infringement with knowledge of its junior common law rights to the Clearly Agile Mark makes this an exceptional case under 15 U.S.C. §§ 1111, and 1117(a) and allows for the award of CAL's profits, treble damages, and the costs of the action including its reasonable attorneys' fees and costs.

## COUNT II
## Federal Trademark Infringement, 15 U.S.C. § 1125(a)

37.     Clearly Agile incorporates by reference paragraphs 1 through 24 of this complaint as though more fully set forth herein.

38.     CAL's actions in using the Clearly Agile Mark in connection with software design and consulting services competitive to Clearly Agile constitutes a false designation of origin, sponsorship, or approval in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.     CAL has improperly promoted its services on its website at www.clearlyagile.com to potential customers of Clearly Agile and, in doing so, has misrepresented the nature of services as being those of Clearly Agile.

40.     CAL has and continues to engage in the aforementioned acts with the intent to deceive the public and consumers of Clearly Agile's services and to pass and palm off CAL's consulting services as those of Clearly Agile.

41.     CAL's improper and infringing acts have created and are likely to continue to create confusion in the minds of reasonable consumers as to the affiliation and sponsorship of CAL's activities by Clearly Agile.

42.     CAL's representations to customers and potential customers by the use of marketing and promotion of the infringing name using the Clearly Agile Mark on its website constitute a false designation of the origin of the services entering commerce on behalf of CAL and are false descriptions and representations of these services.

7

43.     These misrepresentations have and will continue to cause confusion to, mistake by, and deception in the minds of reasonable consumers as to the source of origin of the consulting services being sold by CAL and its agents and as to the existence of an affiliation between CAL and Clearly Agile, causing irreparable injury to Clearly Agile.

44.     CAL's conduct has and will continue to cause irreparable harm to Clearly Agile unless restrained by this Court.

45.     CAL's conduct constitutes a violation of 15 U.S.C. § 1125(a).

46.     CAL's infringement has been and continues to be willful and in bad faith because of its actual knowledge of the federal registration of the Clearly Agile Mark and its junior rights to the Clearly Agile Mark and the continued infringing activities despite actual knowledge of Clearly Agile's rights and demands to stop using the Clearly Agile Mark.

47.     As the direct and proximate result of CAL's deliberate and intentional infringement, CAL has unlawfully profited and Clearly Agile has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT III
### Common Law Trademark Infringement and Unfair Competition

48.     Clearly Agile incorporates by reference paragraphs 1 through 24 of this complaint as though more fully set forth herein.

49.     Since Clearly Agile's initial use of the Clearly Agile Mark in commerce in October of 2014, it has sold services and has advertised and promoted its trademark continuously and extensively in commerce.

50.     As a result of such use, promotion, and advertisement, the trademark is well known and recognized in the United States as being associated with the provision of quality technical consulting services and related training.

51.     Specifically, the Clearly Agile Mark is identified in consumers' minds with Clearly Agile's services and, as such, have acquired a secondary meaning.

52.     Clearly Agile has reason to consider the Clearly Agile Mark and the goodwill associated with them as valuable assets.

53.     By adopting and using the Clearly Agile Mark in conjunction with software design and consulting services substantially similar to those being performed by Plaintiff, CAL has infringed upon Clearly Agile's common law mark and unfairly competed with Clearly Agile.

54.     CAL's use of the Clearly Agile Mark and/or substantially similar trademark(s) have resulted and will continue to result in a likelihood of confusion by the consuming public.

55.     CAL does not have Clearly Agile's permission or authorization to make use of the Clearly Agile Mark in commerce for competing services.

56.     By reason of CAL's conduct, it has infringed and threaten to further infringe upon the Clearly Agile Mark.

57.     The continued use by CAL of the Clearly Agile Mark is likely to confuse, mislead, and deceive the public into believing that CAL's software consulting and training are in some manner originated by, offered by, sponsored by, sanctioned by, or otherwise associated with Clearly Agile, all to the damage and injury of Clearly Agile.

9

58.     CAL's unlawful conduct will damage and continue to damage Clearly Agile unless it is enjoined by this Court.

59.     Clearly Agile has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Clearly Agile requests that the Court enter judgment in its favor and to grant the following relief:

1.      That CAL's rights, if any, to the Clearly Agile Mark be deemed junior to the rights to Clearly Agile.

2.      That CAL's aforementioned acts be declared to be infringement of Clearly Agile's federally registered trademark of Clearly Agile in violation of the trademark laws of the United States, Title 15, United States Code, Section 1114 and 1125(a) and that CAL, its respective shareholders, directors, officers, agents, servants, employees, assigns, privies, affiliated companies and all persons in active concert or participation with them, and all those controlled by them, be preliminarily and permanently enjoined as follows:

   a.    From using the business name "Clearly Agile" or any other business name that begins with "Clearly Agile" or any variation thereof in any  manner whatsoever including on the website http://www.clearlyagile.com, Facebook, and any other media, print, or social media, other than in fair use;

   b.    Requiring CAL, with respect to the conduct of its business and software development and consulting services and media and publicity related thereto:

10

i. To cease doing business using the name "Clearly Agile" or any other business name that begins with "Clearly Agile" or any variation thereof in any manner whatsoever;

ii. To disable, destroy, and/or deliver to the Court for impounding during the pendency of this action, all advertisements, catalogues, brochures, or other printed material in its possession, custody, or control which display "Clearly Agile" or that prominently includes the name "Clearly Agile," other than in fair use;

iii. To cancel and withdraw all advertisements, tweets, blogs or other marketing and publicity related activities generated by CAL containing the "Clearly Agile" whether on the web URL address http://www.clearlyagile.com its Facebook page, Twitter other social media or otherwise, other than in fair use;

iv. To alter its corporate name to a name that does not use or contain "Clearly Agile" or reference to the Clearly Agile Mark; and,

v. To perform other and such further acts as may be reasonably necessary to eliminate any confusion in the minds of the consuming public as to the nonexistence of any relationship or association between Clearly Agile and CAL;

11

3.     That CAL's aforementioned acts be adjudged to be unfair methods of competition and that, by virtue thereof, Clearly Agile be awarded preliminary and permanent injunctive relief as set forth in paragraph 1 above;

4.     Pursuant to Title 15 United States Code, Section 1117, that CAL be ordered to:

a.     Account for and pay over to Clearly Agile all gains, profits, and advantages derived by it by the improper use of the Clearly Agile Mark, trademark infringement, and,

b.     Pay Clearly Agile damages arising from the above-described acts in a just amount to be determined at the trial of this action and in accordance with Title 15, United States Code, Section 1111 and 1117(a), together with costs, disbursements, and reasonable attorneys' fees;

5.     That this court adjudge that CAL's use of the business name "Clearly Agile" for software design and consulting services is not fair use of the Clearly Agile Mark by CAL;

6.     That the aforesaid acts of CAL be adjudged to be unfair competition under the common law of the State of Florida and that Clearly Agile be granted injunctive relief and awarded damages as determined at trial;

7.     That Clearly Agile be awarded damages in the amount that CAL, by its wrongful conduct, has been unjustly enriched;

8.     That Clearly Agile be awarded its costs and attorneys' fees to the fullest extent permissible under the claims asserted herein; and,

9.     That Clearly Agile be awarded such other and further relief as this Court may deem just, proper, and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 11th day of March, 2019.


Respectfully Submitted,

/s/ *Dean A. Kent*
DEAN A. KENT
Florida Bar No. 0307040
dkent@trenam.com / pholliday@trenam.com
TRENAM KEMKER
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida  33602
Tel:  813-223-7474
Fax: 813-229-6553
Attorneys for Plaintiff, Clearly Agile