UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEARLY AGILE, INC.,

    *Plaintiff*,

                                                      Case No. 8:19-cv-00590-WFJ-TGW

v.

CLEARLY AGILE, a Wyoming
Corporation,

    *Defendant*.
_____/

## CASE MANAGEMENT REPORT

1.    <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>May 13, 2019</u> at <u>4:30 p.m.</u> (check one) (X) by telephone (or) ( ___ ) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Dean A. Kent, Esq. | Counsel for Plaintiff |
| Michael Stegawski, Esq. | Counsel for Defendant |

2.    <u>Initial Disclosures</u>:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered

in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

   X    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **June 21, 2019**.[2]

_____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____
_____
_____

_____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____objects to disclosure of such information for the specific reason(s) that:

_____
_____
_____

3.    Discovery Plan - Plaintiff: The parties jointly propose the following Plaintiff's discovery plan:

   a.   Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)   Requests for Admission:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

**Per the rules of Federal Civil Procedure**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2)  Written Interrogatories:

**Per the rules of Federal Civil Procedure**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)  Requests for Production or Inspection:

**Per the rules of Federal Civil Procedure**

(4)  Oral Depositions:

**Per the rules of Federal Civil Procedure**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
| | | |

**There is no stipulation or request for court order to extend the time to take depositions.**

    b.  Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **December 6, 2019.**  [60 days before discovery cut-off]

      c.   <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Per the rules of Federal Civil Procedure, as needed.**

      d.  <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before **February 7, 2020**. [30 days before dispositive motion deadline]

4.     <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

      a.  <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)    <u>Requests for Admission:</u>

**Defendant will propound requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure. The subject matter of discovery will primarily involve Plaintiff's prior use and registration of the "Clearly Agile" mark.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2)    <u>Written Interrogatories:</u>

**Defendant will serve written interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure. The subject matter of discovery will primarily involve Plaintiff's use and registration of the "Clearly Agile" mark.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)    <u>Requests for Production or Inspection:</u>

**Defendant will serve requests for production pursuant to Rule 34 of the Federal Rules of Civil Procedure. The subject matter of discovery will primarily involve Plaintiff's use and registration of the "Clearly Agile" mark.**

(4)     Oral Depositions:

**Defendant seeks to take oral depositions in accordance with Rule 30 of the Federal Rules of Civil Procedure. The subject matter of discovery will primarily involve Plaintiff's use and registration of the "Clearly Agile" mark. Defendant will seek to take the corporate representative testimony of Plaintiff pursuant to Rule 30(b)(6). In addition, Defendant will seek to take the personal testimony of Fred Mastropasqua and Edmund Gorski. Other depositions may be noticed or subpoenaed as discovery progresses, including for those witnesses identified on Plaintiff's Rule 26(a)(1) Initial Disclosures.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|

**There is no stipulation or request for court order to extend the time to take depositions.**

b.   Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **January 8, 2020**. [30 days before discovery cut-off]

c.   Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **In accordance with Rule 26(e) of the Federal Rules of Civil Procedure.**

d.   Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before **February 7, 2020**.

e.   Dispositive Motion Cutoff Date: **March 6, 2020**. Note, this date should be at least four months before the pretrial conference date.

5.    Joint Discovery Plan - Other Matters: Parties agree on the following other

matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties will abide by the Federal Rules of Civil Procedure and Local Rules of this Court. In the event that any other or special matter arises, counsel for the parties will confer in good faith to resolve such matter.**

6. Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

    **None at this time.**

7. Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be **September 11, 2019.** [no later than 4 months from Case Management Report filing date and at least 4 months before pretrial conference]. (Note time limit in Local Rule 4.03.)

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

    Parties agree that settlement is
    (check one)

    _____likely
    \_\_X\_\_unlikely.

    Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). _____yes   \_\_X\_\_no   _____likely to agree in future.

    If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. The parties agree mediation will be completed by **February 21, 2020.** [5 months before pretrial conference].

10. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate

        Judge the attached form must be completed and filed with the case management report.

        _____ yes     X  no    _____ likely to agree in future

11.    Preliminary Pretrial Conference:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties

\_\_\_\_ request    (check one)
 X  do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

**None at this time.**

12.    Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after **July 13, 2020.** [3 weeks before trial term begins] and for trial on or after **August 3, 2020.** [3 weeks after pretrial conference (no more than 18 months after Complaint is filed)]. This Non-Jury trial is expected to take approximately \_\_\_3\_\_\_ day(s).

13.    Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

14.    Other Matters:

**None at this time.**

Date: May 30, 2019


/s/ Dean A. Kent
DEAN A. KENT
Florida Bar No. 0307040
dkent@trenam.com/pholliday@trenam.com
TRENAM KEMKER
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel:  813-223-7474
Fax: 813-229-6553

*Attorneys for Plaintiff, Clearly Agile*



/s/ Michael Stegawski
Michael Stegawski, Esq.
Florida Bar No. 51589
michael@cla-law.com
Convergent Litigation Associates
1395 Brickell Avenue, Suite 800
Miami, FL 33131
Tel: (800) 750-9861 x101
Fax: (800) 531-3243

*Attorney for Defendant, Clearly Agile, a Wyoming Corporation*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLEARLY AGILE, INC.

      Plaintiff,

v.

                                                         Case No. 8:19-cv-00590-WFJ-TGW

CLEARLY AGILE, LLC,

      Defendant.

                                           /

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of May, 2019, I electronically filed the within and foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                  /s/ Michael Stegawski
                                                Michael Stegawski, Esq.
                                                Florida Bar No. 51589

**SERVICE LIST**
*Clearly Agile, Inc. v. Clearly Agile, LLC*
Case No. 8:19-cv-00590-WFJ-TGW
United States District Court, Middle District of Florida

| | |
|---|---|
| Trenam Kemker | Convergent Litigation Associates |
| Dean Adrian Kent | Michael Stegawski |
| 101 E Kennedy Blvd | 1395 Brickell Avenue |
| Suite 2700 | Suite 800 |
| Tampa, FL 33602 | Miami, FL 33131 |
| Tel: (813) 223-7474 x423 | Tel: (800) 750-9861 x101 |
| Fax: (813) 229-6553 | Fax: (800) 531-3243 |
| dkent@trenam.com | michael@cla-law.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| [CM/ECF] | [CM/ECF] |